# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

FREDRICK M. BURCHETT,      )
      )
      Petitioner,      )
      )
      vs.      )      Case No. 4:03CV1426MLM
      )
JIM MOORE,      )
      )
      Respondent.      )

## MEMORANDUM OPINION

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Petitioner Fredrick M. Burchett ("Petitioner") pursuant to 28 U.S.C. § 2254. Doc. 4. Respondent Jim Moore ("Respondent") filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 12. Petitioner is currently incarcerated at the Northeast Correctional Center. Therefore, Jim Moore, as the superintendent of that institution, is the proper party Respondent. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 14.

## I.
## BACKGROUND

On June 27, 2000, Petitioner was charged by indictment as follows: Count I, the class A felony of murder second degree, in violation of Mo. Rev. Stat. § 565.021, in that on June 1, 2000, Petitioner knowingly and with the purpose of causing serious physical injury to Jermaine Davis caused his death by stabbing him, and Count II, armed criminal action, in violation of Mo. Rev. Stat. § 571.015, in that Petitioner committed the felony of murder second degree charged in Count I by, with, and through the use, assistance and aid of a dangerous weapon. Petitioner was charged as a prior offender under Mo. Rev. Stat. § 558.016. Resp. Ex. B at 9-10. On April 16, 2001, Petitioner

was charged by substitute information in lieu of indictment as follows: Count I, voluntary manslaughter in violation of Mo. Rev. Stat. § 565.023 in that on June 1, 2000, Petitioner knowingly and with the purpose of causing serious physical injury to Jermaine Davis caused his death by stabbing him, and Count II, armed criminal action in violation of Mo. Rev. Stat. § 571.015, in that Petitioner committed the felony of voluntary manslaughter charged in Count I by, with, and through the use, assistance and aid of a dangerous weapon. Petitioner was charged as a prior offender under Mo. Rev. Stat. § 558.016. Resp. Ex. B at 7-8; Burchett v. State of Missouri, 84 S.W.3d 134 (Mo. App. 2002). On April 16, 2001, Petitioner pleaded guilty and the trial court sentenced him to concurrent terms of twelve years imprisonment for voluntary manslaughter and three years imprisonment for armed criminal action as was recommended by the State. Id.; Resp. Ex. B at 13.

At Petitioner's guilty plea hearing the prosecutor stated that if Petitioner's case were to proceed to trial the State would show beyond a reasonable doubt that on June 1, 2000, in the 4900 block of Martin Luther King Drive, in the City of St. Louis, Petitioner knowingly or with the purpose of causing serious physical injury to Jermaine Davis caused Jermaine Davis's death by stabbing him in the neck with a small pocket knife. Resp. Ex. B at 24. The Missouri appellate court described what happened at Petitioner's plea hearing as follows:

> Prior to accepting movant's plea, the plea court advised movant of his rights. Movant testified that he understood he had a right to a jury trial and that his decision to plead guilty was of his own free will. Movant also testified that he understood in the event of a trial he would have the right to call witnesses favorable to him and if a witness did not want to appear voluntarily, the witness would be subpoenaed. Additionally, movant testified that his attorney had done what movant asked him to do and that movant had no complaints with his attorney. Movant also testified that he was taking medications prescribed to him by a psychiatrist, that he was receiving treatment from a psychiatrist for hearing voices and lack of sleep, that the voices were not telling him to plead guilty, and that neither the medication or his mental condition was affecting his decision to plead guilty in any way.

Resp. Ex. E at 2.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

On June 4, 2001, Petitioner filed a pro se post-conviction relief motion pursuant to Rule 24.035. Resp. Ex. A at 13. The court appointed counsel and an Amended Motion to Vacate, Set Aside or Correct Judgment or Sentence and Request for Evidentiary Hearing was filed. Id. at 12. On November 6, 2001, the motion court denied Petitioner's request for an evidentiary hearing and denied his post-conviction relief motion. Id. at 108-123.

Petitioner filed an appeal with the Missouri appellate court of the motion court's denial of his post-conviction relief motion. In his appeal Petitioner raised the following issues: (1) the motion court erred in denying Petitioner relief without an evidentiary hearing because counsel failed to secure the attendance of Antoinette D. Burchett, Petitioner's wife, and (2) the motion court erred in denying Petitioner relief without an evidentiary hearing because counsel induced Petitioner to plead guilty not knowing that Petitioner was taking the medications Zoloft and Trazodone. See Resp. Ex. C. The Missouri appellate court denied Petitioner's appeal by per curiam Order dated August 27, 2002. Burchette, 84 S.W.3d at 134; Resp. Ex. E.

Petitioner filed his § 2254 Petition on October 7, 2003. In his § 2254 Petition, Petitioner raises the following issues:

**(1)** Petitioner was denied due process at sentencing for the reasons stated in Petitioner's State post-conviction relief motion and appeal;

**(2)** Petitioner was denied an evidentiary hearing in violation of his constitutional rights for the reasons stated in regard to Ground 1;

**(3)** Petitioner was denied effective assistance of trial counsel for the reasons stated in his State post-conviction relief motion;

**(4)** There was judicial error in the form of trial and prosecution misconduct as described in Grounds 1-3.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**(5)** Petitioner was denied a psychiatric evaluation and medical examination.[1]

Doc. 4. at 5-6.

## II.
## CLAIMS NOT PROPERLY BEFORE THE COURT

Section 2254 requires that a habeas petition "shall specify all the grounds for relief which are available to the petitioner." In <u>Adams v. Armontrout</u>, 897 F.2d 332, 334 (8th Cir. 1990), the Eighth Circuit held that a habeas petitioner must specify in his petition the grounds upon which relief is sought. "Rule 2(c) explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief." <u>Id</u>. at 333. A habeas petitioner who generally references transcripts, case records, and briefs "patently" fail[s] to comply" with the specificity requirements of § 2254. <u>Id</u>. Federal courts are unwilling "to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief." <u>Id</u>. at 333-34 (citing <u>Williams v. Kullman</u>,722 F.2d 1048,1051(2d Cir.1983); <u>Moore v. Swenson</u>,361 F. Supp.1346, 1351 (E.D. Mo.1973); <u>Passic v. Michigan</u>, 98 F. Supp.1015,1016-17 (E.D. Mich.1951). "In order to comply with Rule 2(c) of § 2254 a habeas petitioner "must state specific, particularized facts which entitle him or her to habeas corpus relief for each grounds specified." <u>Id</u>. at 334. In regard to allegations of ineffective assistance of counsel the United States Supreme Court held in <u>Strickland v. Washington</u>, 466 U.S. 668, 690 (1984), that such a claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." In Petitioner's Ground 1 he generally claims a denial of due process at sentencing by incorporating by reference his State post-conviction relief motion and appeal; in Ground 2 he alleges he was denied

---

[1]    It is unclear if Petitioner intends to list Ground 5 as a basis for habeas relief. Doc. 4 at 6. The court will give Petitioner the benefit of the doubt and assume that he does.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

an evidentiary hearing by incorporating the reasons stated in Ground 1; in Ground 3 Petitioner alleges a denial of effective assistance of counsel by incorporating the reasons stated in his post-conviction relief motion; and in Ground 4 Petitioner alleges judicial error by incorporating Grounds 1-3. Additionally, Petitioner fails to state a factual basis for Grounds 1-4. See Adams, 897 F.2d at 334. As such the court finds that Petitioner's Grounds 1-4 fail to comply with the specificity requirements of § 2254. See Strickland, 466 U.S. at 690; Adams, 897 F.2d at 334. See also Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989).

Additionally, in Ground 2 Petitioner alleges that the denial of a post-conviction relief hearing by the State court is a violation of his constitutional rights.[2] Section 2254 authorizes federal courts to review the constitutionality of a state criminal conviction, but does not authorize federal courts to review infirmities in state post-conviction relief proceedings. Mitchell v. Wrick, 727 F.2d 773, 774 (8th Cir. 1984). Indeed, "infirmities in [a] state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction," because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions. Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir. 1981). Pursuant to Missouri post-conviction relief procedures, "in order to be entitled to an evidentiary hearing, a movant must satisfy the procedural requirement that his petition allege facts, not conclusions, which if true would warrant relief." Smith v. Goose, 998 F.2d 1439 (8th Cir. 1993) (citing Rule 24.035(g); State v. Blankenship, 830 S.W.2d 1, 16 (Mo. 1992) (en banc)). Petitioner's Ground 2 seeks federal court review of infirmities in State post-conviction relief proceedings. The claim of Ground 2 is clearly collateral to Petitioner's

---

[2]     To the extent that Petitioner intends to allege in Ground 2 that he was denied ineffective assistance of counsel for the reasons alleged before the Missouri appellate court, this court states below that it will, alternatively, address these issues on their merits.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

conviction and detention and, and, as such, this claim is not cognizable pursuant to a § 2254 petition. See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1991).

In Petitioner's Grounds 1 and 3 he references errors alleged in his post-conviction relief motion and his appeal; in Ground 2 he references Ground 1; and in Ground 4 he references Grounds 1-3. As such, Petitioner's Grounds 1-4 allege cumulative error. Errors that are not unconstitutional individually cannot be added together to create a constitutional violation. United States v. Stewart, 20 F.3d 911, 917-918 (8th Cir. 1994). Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief. See id.; Wharton-El v. Nix, 38 F.3d 372, 375 (8th Cir. 1994); Griffin v. Delo, 33 F.3d 895, 903-904 (8th Cir. 1994). To the extent that Petitioner's § 2254 Petition alleges cumulative error in Grounds 1-4, the court finds that Petitioner has not stated grounds for relief pursuant to § 2254. For the reasons stated above the court finds that Petitioner's Grounds 1-4 are not properly before the court pursuant to § 2254 and that these grounds should be dismissed. The court will alternatively consider whether Petitioner has procedurally defaulted the issues which he raises in Grounds 1-4 and will consider whether Petitioner has procedurally defaulted the issue he raises in Ground 5.

### III.
### EXHAUSTION, DEFAULT, and TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "'required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1997). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murry v. Carrier, 477 US 478, 496 (1986); Schlup v. Delo, 513 U.S. 298, 298 (1995)). A habeas petitioner who wishes to have a procedurally defaulted claim considered on its merits "'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 650 (8th Cir. 1992 ) (citing Sawyer v. Whitley, 505 U.S. 333 (1992)). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316). The Supreme Court, however, has limited the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

application of the actual innocence exception to the capital sentencing context. See Dretke, 541 U.S. at 393. In Dretke, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94. In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)).

It has been held that "novel circumstances and arguments" may constitute cause for failing to excuse procedural default. In Reed v. Ross, 468 U.S. 1 (1984), "the Supreme Court recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." McKinnon, 921 at 833 (citing Reed, 468 U.S. at 16). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Ziner v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar must be a higher standard than the Strickland prejudice

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are 'no currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. Id. at 405.

In Duncan v Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to fully consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." See e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. 533 U.S. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. Petitioner's § 2254 Petition was filed within this statutory period.

As set forth above, Petitioner raised two grounds for relief in the appeal of his State post-conviction relief motion both of which were claims of ineffective assistance of counsel. Only in Petitioner's Ground 3 in his § 2254 Petition does he raise issues of ineffective assistance of counsel. As such, Petitioner clearly has procedurally defaulted Grounds 1, 2, 4, and 5. See Sweet, 125 F.3d at 1149.

The court has found above that Petitioner's Ground 3 should be dismissed as he has failed to comply with the specificity requirement of § 2254. The court further notes that the Eighth Circuit held in Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994), that "a habeas petitioner must have raised both the factual and legal basis for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." See also Evans v. Luebbers, 371 F.3d 438, 441 (8th Cir.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2004), cert. denied, 125 S.Ct. 902 (2005). "A habeas petitioner who asserts only broadly in his state petition for relief that his counsel has been ineffective has not immunized his federal habeas claim's specific variations from the effects of the state's procedural requirements. Nor has a petitioner who presents to the state courts a broad claim of ineffectiveness as well as some specific ineffectiveness claims properly presented all conceivable specific variations for purposes of federal habeas review." Flieger, 16 F.3d at 885 (citations omitted). As such, Petitioner has also procedurally defaulted the generally plead ineffective assistance of counsel claim of Ground 3. Thus, the court finds that Petitioner has procedurally defaulted Grounds 1-5. The court, however, will alternatively consider on their merits as Petitioner's Ground 3 the two ineffective assistance of counsel claims which Petitioner raised before the Missouri appellate court.

As stated above, a habeas petitioner who procedurally defaults grounds for relief may nonetheless have the court consider such grounds if he can establish cause and prejudice or actual innocence. Coleman, 501 U.S. at 750-51; Battle, 19 F.3d at 1552. In Petitioner's § 2254 Petition he states that he did not raise issues before the Missouri appellate court because he was denied a psychiatric evaluation, "denied applicable witnesses," and for the reasons alleged in Grounds 1-5. See Doc. 4 at 6. Petitioner fails to state how or why the alleged denial of a psychiatric evaluation, the alleged failure to present witnesses, or the alleged constitutional violations of Grounds 1-5 prevented him from raising issues which he has defaulted. The court finds, therefore, that Petitioner has not established cause and prejudice to excuse his procedural default. The court further finds that Petitioner has procedurally defaulted all the issues raised in his § 2254 Petition although the court will alternatively consider the allegations of ineffective assistance of counsel which Petitioner raised before the Missouri appellate court.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

# III.
# STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997).

In Williams v. Taylor, 529 U.S. 363 (2000), the United States Supreme Court set forth the requirements for federal courts to grant writs of habeas corpus to state prisoners under § 2254. The Court held that "§2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application with respect to claims adjudicated on the merits in the state court." Id. at 412. The Court further held that the writ of habeas corpus may issue only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13.

Williams further holds that the writ will not issue merely because the federal court concludes that the relevant state-court decision erroneously or incorrectly applied clearly established federal law. See id. at 411. "'Rather [the] application [by the state-court] must also be unreasonable.'" Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (quoting Williams, 529 U.S. at 411). See also Siers v. Weber, 259 F.3d 969, 973 (8th Cir. 2001).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Court further explained in <u>Williams</u> that for a state-court decision to satisfy the "contrary to" prong of § 2254(d)(1), the state court must apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." 529 U.S. at 406. <u>See also</u> <u>Price v. Vincent</u>, 538 U.S. 634, 640 (2003). It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002).

For a state-court decision to satisfy the "unreasonable application of" prong of § 2254(d)(1), the state court decision must "identif[y] the correct governing legal principle from [the Supreme]Court's decisions but unreasonably appl[y] that principle to the facts of [a] prisoner's case. <u>Williams</u>, 529 U.S. at 413. <u>See also</u> <u>Perry v. Johnson</u>, 532 U.S. 782, 792-93 (2001). Upon explaining § 2254's legal standard, the Supreme Court held in <u>Perry</u> that "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." <u>Id.</u> at 793 (citing <u>Williams</u>, 529 U.S. at 410-11). The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." <u>Atley v. Ault</u>, 191 F.3d 865, 871(8th Cir. 1999).

Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a factual issue is entitled to a presumption of correctness." <u>Boyd v. Minnesota</u>, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing evidence." <u>King v. Kemna</u>, 266 F.3d 816, 822 (8th Cir. 2001). For purposes of federal habeas relief, the state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record**."** <u>Lomholt v. Iowa</u>, 327 F.3d 748, 752 (8th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1059 (2003). <u>See</u> <u>also</u> <u>Jones v. Luebbers</u>, 359 F.3d 1005, 1011 (8th Cir. 2004) ("[A] state court decision involves 'an unreasonable determination of the facts in light of th evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); <u>Boyd v. Minnesota</u>, 274 F.3d 497, 501 n. 4 (8th Cir.2001)."), <u>cert. denied</u>, 125 S.Ct. 670 (Dec. 6, 2004).

The United States Supreme Court has recently defined the circumstances under which a state court reasonably applied federal law as follows:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations. Cf. <u>Wright v. West</u>, 505 U.S. 277, 308-309, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (KENNEDY, J., concurring in judgment).

<u>Yarborough v. Alvarado</u>, 541 U.S. 652, 124 S.Ct. 2140, 2149 (2004)**.**

The Eighth Circuit has addressed the issue of how to determine whether a state court has addressed a claim on its merits so that the AEDPA standard of review applies. <u>Brown v. Leubbers</u>,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

371 F.3d 458 (8th Cir. 2004), cert. denied, 123 S.Ct.1397 (Feb. 28, 2005). The court held in Brown

that:

> [W]hat constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment--an adjudication--on a substantive issue--the merits (as compared with a procedural or technical point). A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear--no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised. Cf. Coleman v. Thompson, 501 U.S. 722, 739, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (noting in discussion of procedural default in state habeas cases that the Court has "no power to tell state courts how they must write their opinions" so that reviewing "federal courts might not be bothered with reviewing state law and the record in the case"). We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court.

Id. at 461.

Even where the bulk of  a state court decision is "devoted to the state-law evidentiary question and whether 'the trial court abused its discretion' in excluding [evidence]," the Eighth Circuit has held that the "'summary nature' of the discussion of the federal constitutional question does not preclude application of the AEDPA standard." Id. at 462 (citing James v. Bowersox, 187 F.3d 866, 869 (8th Cir.1999)).   The court further held in Brown that it "is not to say that citation to law and a key word from the application of that law--or anything else--is required for us to determine that the claim was adjudicated on the merits. We only hold that they suffice in this case for us to conclude that the Missouri Supreme Court's decision on this claim was an adjudication on the merits." Id.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Where a federal constitutional question, however, is not adjudicated on its merits in state court proceedings, it is not appropriate for a federal court to apply the standard of § 2254 as amended by the AEDPA, because there is no apparent state-court adjudication to which this standard can be applied. Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002) ("[B]ecause this claim apparently was not adjudicated by the [state] court, we likely should apply the pre-AEDPA standard of review."). Under the pre-AEDPA standard, a habeas petitioner must demonstrate a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." Id. at 865-66 (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc)).

## IV.
## STANDARD FOR EFFECTIVE ASSISTANCE OF COUNSEL

Federal law provides that to prove ineffective assistance of counsel, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The "performance" prong of Strickland requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." See id. at 690. To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if a petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

16

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

proceeding would have been different." Id. The court is not required to "address both components of the [effective assistance of counsel] inquiry if [a petitioner] makes an insufficient showing on one [component]." Strickland, 466 U.S. at 697.

Additionally, the court notes that the Court stated in Strickland, 466 U.S. at 688-89, that:

> [P]resenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Prevailing norms of practice as reflected in the American Bar Association standards and the like, e.g., ABA Standards for Criminal Justice 4-1.1 to 4-8.6 (2d ed. 1980) ("The Defense Function"), are guides to determining what is reasonable, but they are only guides. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. (citation omitted). ...

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. (citation omitted). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." (citation omitted). There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. (citation omitted).

The Supreme Court has articulated an exception to the rule articulated in Strickland that to prevail on an ineffective assistance of counsel claim a habeas petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Mickens v. Taylor, 535 U.S. 162, 166 (2002) (citing Stickland, 466 U.S. at 694). The Court held in Mickens that:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

We have spared the defendant the need of showing probable effect upon the outcome, and have simply presumed such effect, where assistance of counsel has been denied entirely or during a critical stage of the proceeding. When that has occurred, the likelihood that the verdict is unreliable is so high that a case- by-case inquiry is unnecessary. See Cronic, supra, at 658-659, 104 S.Ct. 2039; see also Geders v. United States, 425 U.S. 80, 91, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); Gideon v. Wainwright, 372 U.S. 335, 344-345, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). But only in "circumstances of that magnitude" do we forgo individual inquiry into whether counsel's inadequate performance undermined the reliability of the verdict. Cronic, supra, at 659, n. 26, 104 S.Ct. 2039.

Id.

# V.
## DISCUSSION

**A.    Petitioner received ineffective assistance of counsel because counsel failed to secure Petitioner's wife as a witness:**

Before the Missouri appellate court Petitioner argued that Petitioner's counsel should have secured the presence of Petitioner's wife, Ms. Burchette, by requesting a body attachment or a continuance to ensure she was present for trial.  Petitioner further argued that prior to April 16, 2001, he did not anticipate pleading guilty; that he was anticipating a jury trial at which Ms. Burchette would testify; and that Ms. Burchette's testimony would have corroborated Petitioner's version of the facts.  In his statement of facts in his appellate brief Petitioner stated that he stopped at a bar to obtain some water for Ms. Burchette, who was pregnant; that the victim then called Ms. Burchette names and tried to sexually assault her; that Petitioner saw the victim and Ms. Burchette arguing; that Ms. Burchette pulled out a small utility knife when she saw something in the victim's hands; that the victim cut Ms. Burchett's arm with a knife or razor;  that Petitioner and the victim started punching one another; that Ms. Burchette saw blood coming out of the victim's mouth; and that Petitioner and Ms. Burchette then ran.  Resp. Ex. C at 20-21.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Upon denying Petitioner relief based on his claim that he was denied effective assistance of counsel because his counsel failed to secure the attendance of Ms. Burchette the Missouri appellate court stated as follows:

> Movant maintains that had his wife been present, he would not have pleaded guilty because his defense of self-defense and defense of others would have been corroborated by his wife's testimony. We disagree. ...
>
> In the case at hand, the plea inquiry contained many specific questions that directly addressed movant's contentions in his post conviction relief motion. Movant testified that he understood a witness could be subpoenaed if they refused to show up voluntarily. Movant also testified that he had no complaints with trial counsel; that trial counsel fully explained movant's rights, fully answered all of movant's questions, did everything movant had asked, had done a good job, and had represented movant to the best of his ability. Movant then testified that he was pleading guilty of his own free will. Based on this testimony, we find that the motion court did not err when it denied movant's Rule 24.035 motion without an evidentiary hearing.

Resp. Ex. E at 3-4.

Upon finding without merit Petitioner's allegation that he received ineffective assistance of counsel because his counsel failed to call his wife the motion court found that this claim was waived by Petitioner's plea. The motion court further found that this claim was refuted by the record of the plea proceedings during which Petitioner represented to the court that he was satisfied with his attorney and that his attorney did everything he asked. Resp. Ex. A at 111.

The Missouri appellate court concluded that transcript of Petitioner's plea hearing including the plea inquiry did not support this claim of Petitioner. In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir.2003)). The law is clear that factual findings by state trial and appellate courts shall be presumed to be correct unless the federal court concludes that the state court findings are an unreasonable application of the facts in light of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the evidence presented. See id. Additionally, the Eighth Circuit has held that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class, 152 F.3d 863, 866 (8th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377 (8th Cir. 1988); Brown v. Lockhart, 781 F.2d 654, 658 (8th Cir. 1986). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989).

The court finds that state court findings are a reasonable application of the facts in light of Petitioner's testimony at the plea hearing. See Hall, 341 F.3d at 712. The Missouri appellate court's consideration of Petitioner's effective assistance of counsel claim based on evidentiary conclusions does not preclude this court's consideration of Petitioner's claim pursuant to the AEDPA standard. See Brown, 371 F.3d at 461. Thus, pursuant to Williams, the court will consider Petitioner's claim that he was denied effective assistance of counsel because counsel failed to secure the attendance of Petitioner's wife.

As discussed above, the Supreme Court holds that judicial scrutiny of counsel's performance must be highly deferential and that trial counsel's performance must not be judged in hindsight. Strickland, 466 U.S. at 688-89. Counsel must exercise reasonable diligence to produce exculpatory evidence. Kenley v. Armontrout, 937 F.2d 1304, 1298 (8th Cir. 1991). The Eighth Circuit has stated that "[d]ecisions relating to witness selection are normally left to counsel's judgment, and 'this judgment will not be second-guessed by hindsight.'" Hanes v. Dormire, 240 F.3d 694, 698 (8th Cir. 2001) (citations omitted). Where some potential witnesses' testimony might have been helpful in rebutting or clarifying evidence, in order to establish a constitutional violation a habeas petitioner must establish that the "proffered testimony was so important as to put counsel's failure to consult

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

with or call [ ] witnesses outside the wide range of strategic choices that counsel is afforded." Id. The decision whether to call witnesses, cross examine witnesses, or introduce evidence may be a matter of trial strategy. Hall v. Lubbers, 296 F.3d 685, 694 (8th Cir. 2002); Battle v. Delo, 19 F.3d 1547,1556 (8th Cir. 1994). Trial counsel, however, is not required to call experts, provided that counsel has adequately investigated the facts surrounding a defendant's case. Id. at 1557. "Strategic decisions 'made after thorough investigation of law and facts ... are virtually unchallengeable,' even if that decision later proves unwise." Id. at 1556 (citation omitted).

In regard to a defendant's entering a guilty plea, the United States Supreme Court held in Santobello v. New York, 404 U.S. 257, 261-62 (1971), that:

> [T]he sentencing judge must develop, on the record, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. (citations omitted)...

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.

Additionally, the Supreme Court has held that:

> A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. (citation omitted). Admissibility of a confession must be based on a "reliable determination on the voluntariness issue which satisfied the constitutional rights of the defendant." Jackson v. Denno, 378 U.S. 368, 387

> Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934.

> Several federal constitutional rights are involved in a wavier that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. (citation omitted). Second, is the right to trial by jury. (citation omitted). Third, is the right to confront one's accusers. (citation omitted). We cannot presume a waiver of these three important federal rights from a silent record.

Boykin v. Alabama, 395 U.S. 238, 243 (1969).

Thus, according to the United States Supreme Court, a record must disclose that a criminal defendant voluntarily and understandingly entered his plea of guilty. Id. at 244. For a waiver of constitutional rights given pursuant to a guilty plea to be valid under the due process clause, the "'state court [must] make a record affirmatively showing the voluntariness of a plea of guilty in accordance with the precepts of Boykin.' (citation omitted). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of the due process clause." Id. at 243 n.5. "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. (citation omitted). However, "the failure of the state court to make a record affirmatively showing the voluntariness of a plea of guilty in accordance with the precepts of Boykin does not automatically vacate the plea." Griffith v. Wyrick, 527 F.2d 109, 112 (8th Cir. 1975). As stated by the Eighth Circuit, "[t]he state may still show, by way of post-conviction proceedings, that the plea was voluntarily made." Id.

Under federal law "[a] plea of guilty, knowingly and understandably made, waives all non-jurisdictional defects and defenses and equates with an admission of guilt." Cantrell v. United States, 413 F.2d 629, 632 (8th Cir.1969). "To prevail on a claim of ineffective assistance of counsel where there has been a guilty plea, [a habeas] petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Gumangan v. United States, 254 F.3d 701, 704 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). See also Forest v. Delo, 52 F.3d 716, 722 (8th Cir. 1995)

The court notes that the transcript of Petitioner's plea hearing establishes that his guilty plea was voluntarily and knowingly made and that he indicated to the court that he knew the rights which he was waiving, including the right to call and have witnesses subpoenaed on his behalf. Additionally, the record of Petitioner's plea hearing establishes that Petitioner informed the court that he discussed the waiver of rights with his attorney. Significantly, Petitioner does not contend that he requested that his attorney secure the presence of his wife and that counsel refused to do so. Moreover, Petitioner has not shown that but for counsel's alleged failure to secure the presence of Petitioner's wife, Petitioner would not have pleaded guilty and would have insisted on going to trial. See Gumangan, 254 F.3d at 704. As such, pursuant to Strickland, Petitioner has not established that his counsel's performance was unreasonable or that he was prejudiced by his counsel's failure to secure the attendance of Ms. Burchette. Because the Missouri appellate court concluded that Petitioner did not establish that he would not have plead guilty if his wife had been present, the court, in effect, concluded, pursuant to the prejudice prong of the Strickland test for effective assistance of counsel, that Petitioner was not prejudiced by the absence of his wife. The court finds, therefore, that the Missouri appellate court's finding without merit Petitioner's claim that he received ineffective assistance of counsel because his counsel did not secure the presence of his wife was not contrary to federal law and that it was a reasonable application of federal law. The court further finds that the Missouri appellate court reasonably applied federal law to the facts of Petitioner's claim that his counsel was ineffective for failing to secure the attendance of Petitioner's wife. The court finds, therefore, without merit Petitioner's claim that he was denied effective assistance of counsel because

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

his counsel failed to secure the attendance of Ms. Burchette. As such, the court further finds that this claim for habeas relief should be dismissed.

**B.** **Petitioner was denied effective assistance of counsel because counsel induced Petitioner to plead guilty without knowing he was taking medication:**

Petitioner argued before the Missouri appellate court that he was denied effective assistance of counsel because his counsel induced him to plead guilty not knowing that Petitioner was taking Zoloft and Trazodone. Petitioner argued that after he was arrested he was taken to the Medium Security Institute ("MSI") of the City of St. Louis on June 5, 2000; that he told MSI employees that he was diagnosed with paranoid schizophrenia, although he had never taken any medications for this condition; that he was referred to a medical doctor; that on January 12, 2001, a doctor prescribed Zoloft and Trazodone for Petitioner; that on January 29, 2001, Petitioner was diagnosed with post-traumatic stress disorder; and that Petitioner was taking Zoloft and Trazodone when he pleaded guilty on April 16, 2001. See Resp. Ex. C at 33-34. Before the Missouri appellate court Petitioner cited the transcript of his plea hearing which indicated that prior to the time Petitioner plead guilty Petitioner's counsel did not know that Petitioner was taking these medications; that Petitioner's counsel, upon learning that Petitioner was taking medications, asked to speak with Petitioner; that after speaking with Petitioner counsel informed the court that Petitioner did not indicate he had any sort of mental condition at the time of the offense and that Petitioner did not believe that "it is affecting his plea in any way here today in court." The court then verified these representations with Petitioner. Petitioner further informed the court that he took his medication the morning of the plea hearing; that it did not have any kind of hallucinatory effect; and that it "just relax[ed]" him. Id. at 35-38.

Upon addressing Petitioner's allegation that he was denied effective assistance of counsel because trial counsel induced Petitioner to plead guilty without knowing that Petitioner was taking medications, the Missouri appellate court held:

> Once again the record conclusively refute's movant's claim. Review of movant's testimony reveals that movant was cogent, clear, and unequivocal in his responses to multiple inquiries from the plea court regarding his mental condition and any medication he was taking. Movant testified that the voices he sometimes hears were not telling him to plead guilty; that both medications he was taking had no hallucinogenic effect whatsoever, and that he understood the proceedings. Additionally, movant was given time to discuss this matter with his trial counsel who after such discussion stated that movant did not believe the medication affected his plea in any way. Based upon movant's testimony it is apparent from the record that movant understood the plea proceedings. Movant's final point is denied.

Resp. Ex. E at 4.

Upon finding without merit Petitioner's claim that the was denied effective assistance of counsel because his counsel did not know he was on medication, the Missouri appellate court relied on its factual findings that when counsel learned Petitioner was on medication he discussed the matter with Petitioner and Petitioner represented that it did not affect his decision to plead guilty. The Missouri appellate court further relied on its factual finding that the trial court inquired as to whether the medication affected Petitioner's ability to enter a guilty plea and that Petitioner again represented that the medication did not affect his plea. As stated above, these factual findings of the State court "carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall, 341 F.3d at 712; Battle, 19 F.3d at 1556. This court's review of the transcript of Petitioner's plea hearing does not establish such clear and convincing evidence but rather supports the findings of the Missouri appellate court. See Ashker, 152 F.3d at 866. Thus, the State court findings are a reasonable application of the facts in light of the evidence presented. See Hall, 341 F.3d at 712. As such, this court must presume the correctness of the Missouri appellate court's finding that the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

record refutes Petitioner's claim that Petitioner's counsel induced him to plead guilty without knowing that Petitioner was taking medication.

Upon denying Petitioner post-conviction relief on the grounds that his counsel induced him to plead guilty not knowing Petitioner was taking medication, the motion court relied on Tyler v. State, 787 S.W.2d 778 (Mo. App. 1990). The motion court held that "ingestion of drugs will fail to invalidate a plea of guilty where the defendant remains able to understand and to assent freely to the conviction." Resp. Ex. A at 113.  See Long v. Iowa, 920 F.2d 4, 6 (8th Cir. 1990)  (holding that a habeas petitioner did not make a showing that medication "so affected him as to make him incapable of making a knowing and intelligent waiver of his trial rights").[3]

Pursuant to Williams, the court will consider federal law applicable to Petitioner's claim of ineffective assistance of counsel based on counsel's alleged inducement to Petitioner to plead guilty without knowing that Plaintiff was taking medication. The court has set forth above the law applicable to the circumstances under which a habeas petitioner can establish ineffective assistance of counsel in the guilty plea context.  Most significantly, the petitioner must show that but for counsel's alleged errors he would not have plead guilty. Gumangan, 254 F.3d at 704.

The court notes that the transcript of Petitioner's plea hearing establishes that at the plea hearing but before Petitioner entered his plea Petitioner's counsel learned that Petitioner was taking medication; that upon learning that Petitioner was taking medication counsel inquired as to whether this medication affected Petitioner's decision to plead guilty; that Petitioner indicated that it did not; and that Petitioner verified counsel's representations in this regard to the court.  Most significantly, Petitioner did not take medication for his medical condition prior to his being arrested for the crime

---

[3]        In the unreported case of Porter v. Dormire, 2004 WL 2732185 (E.D. Mo. 2004), the federal district court cited  Tyler v. State, 787 S.W.2d 778 (Mo. App. 1990).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

for which he was convicted and he represented to the court that the medication was not affecting his plea. As such, the record does not establish that medication affected Petitioner as to make him incapable of making a knowing and intelligent waiver of his trial rights, that the performance of counsel was unreasonable, or the Petitioner was prejudiced by his counsel's performance. Moreover, the decision of the Missouri court finding without merit Petitioner's allegation that he received ineffective assistance of counsel because he was induced to plead guilty by his attorney who did not know he was taking medication is a reasonable application of federal law and is not contrary to federal law. See Strickland, 466 U.S. at 688-89; Long, 920 F.2d at 6. The court finds, therefore, without merit Petitioner's claim that he was denied effective assistance of counsel because counsel did not know Petitioner was on medication. As such, the court further finds that this claim for habeas relief should be dismissed.

## V.
## CONCLUSION

For the reasons fully set forth above the court finds that Petitioner's Grounds 1-4 are not properly before the court. The court further finds that Petitioner has procedurally defaulted all issues which he raises in Grounds 1-5 of his § 2254 Petition. The court also finds, in the alternative, without merit Petitioner's claims that the received ineffective assistance of counsel because his trial counsel failed to secure to attendance of Petitioner's wife and because counsel induced Petitioner to plead guilty without knowing that Petitioner was taking medication at the time he entered a guilty plea. As such, the court finds that Petitioner's §2254 Petition for habeas relief should be dismissed in its entirety.

The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

constitutional right, Petitioner will not be granted a certificate of appealability in this matter.  <u>See</u> <u>Tiedeman v Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, in its entirety [ Doc. 4];

**IT IS FURTHER ORDERED** that a separate judgement will be entered this same date;

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Petitioner for a certificate of Appealability will be **DENIED**.


/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this <u>7th</u> day of  July, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com